BEW *v.* DAVIS, DIRECTOR GENERAL OF RAILROADS.*

(Division B.   Nov. 2, 1925.)

[105 So. 760.   No. 25137.]

1. CARRIERS. *Director general, accepting proceeds of shipment sold for his account, without offering to return them for three years, held not entitled to peremptory instruction against consignee suing for value of shipment.*

   Where the director general operating a railroad company agrees with the consignee of the shipment that the goods are in damaged condition and may be sold by the consignee for the account of the director general, and accepts the proceeds of such sale, without offer to return such proceeds for a space of three years, it is not entitled to a peremptory instruction against the consignee suing for the value of the shipment.

2. CARRIERS. *On conflicting evidence, issue involved as to condition of shipment and whether there was unreasonable delay therein should be submitted to jury.*

   Where the evidence is conflicting as to the condition of the shipment and as to whether there was unreasonable delay in such shipment, the issue involved as to such matters should be submitted to the jury under proper instructions.

---

*Headnotes 1.   Carriers, 10 C. J., Section 602; 2. Carriers, 10 C. J., Sections 440, 601, 602.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Action by A. R. Bew, receiver of the Girardina Produce Company at Greenwood, against Jas. C. Davis, Director General of Railroads.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

*Alfred Stoner,* for appellant.

There is no conflict as to the fact that the bananas were shipped on the 21st and arrived on the 24th, at least twenty-four hours late, nor is there any conflict as to

the fact that the company retained the proceeds over four years without complaint, nor that all the ice had melted when the car arrived　The court gave a peremptory instruction to the jury in favor of the railroad company, but instructed them to find in plaintiff's favor to the extent of the proceeds of the sale of the bananas, with legal interest.

When the delay occurred it was the duty of the railroad employees to re-ice the car, so as to deter the natural deterioration. *Pennsylvania Railroad Co.* v. *Naive* (Tenn.), 64 L. R. A. 443; *Taft Company* v. *American Express Co.*, 10 L. R. A. (N. S.) 614; *Baker* v. *Boston & M. R. R. Co.* (N. H.), 124 Am. St. Rep. 937; *Brennisen et al.* v. *Pennsylvania Railroad Co.* (Minn.), 10 Am. & Eng. Ann. Cases, 169 and notes; *Merchants Dispatch, etc., Co.* v. *Cornforth* (Colo.), 25 Am. Rep. 757; Notes to 10 Am. and E. Ann. Cases, 171.

This delay is admitted, and it is not denied that the ice had all melted when the car arrived. It is elementary, and the rule is recited in the above-cited cases, that it devolved upon the railroad company, when it was shown that the bananas were shipped in good condition and properly iced and arrived overripe, to show that the damage was not the fault of the carrier. The truth of it is, even in this regard, the defendant admitted enough to make a case against it. *Chicago, St. Louis & N. O. R. R. Co.* v. *Moss & Co.*, 60 Miss. 1003; *Chicago, etc., R. R. Co.* v. *Reyman* (Ind.), 73 N. E. 587.

We can compile no better brief than that appended to *Brennisen* v. *Pennsylvania R. R. Co.*, 10 Am. & E. Ann. Cas. 169, cited above.

II. *Railroad company agreed to and did buy the damaged car of bananas, agreeing to pay full value.* The proceeds of the sale of the bananas were received by the railroad company November 16, 1919, and were not offered to be tendered back until the May term of court, 1924, over four years. Even if the agent had had

'no authority to make such a contract in the first place, the fact that the money was retained by the company without complaint for over four years certainly amounts to a ratification. However, the record shows that the conduct of the agent was nowhere repudiated by the railroad company. Under the decisions of this court the acts of the agent were binding on the company. *N. O. & N. E. R. R. Co.* v. *Interstate Wholesale Grocers* (Miss.), 95 So. 316.

III. *Even if there had been fraud, the record shows that the settlement was made with full knowledge of it.* See *McDonough* v. *Williams,* 8 L. R. A. (N. S.), 452, and notes. Having received the money with full knowledge of the alleged fraud no complaint can be made. 20 Cyc. 32, 13 S. & M. 363.

*Gardner, Odom & Gardner,* for appellee.

I.   There is no proof showing the character of the bananas which were ordered, nor any proof whatever as to the actual condition of the bananas which were shipped. Can this court say what kind of bananas were ordered when one of the plaintiffs himself does not know. By reference to 1 Hutchinson on Carriers (3 Ed.), sec. 165, it will be seen that this writer says that receipts in bills of lading, qualified by the statement "weight and contents unknown;" "number unknown," are common and are given effect when such language is used. The carrier will not be responsible for the stated amount, number, weight or kind when it is ready to deliver the quantity or kind of goods actually received.

In other words, the bill of lading in this case receipted for the goods "in apparent good order, except as noted (contents and condition of contents of packages unknown)." This constitutes an express limitation upon the contract of carriage of the goods actually received. *Miller* v. *R. R. Co.,* 90 N. Y. 430, 43 Am. Rep. 179; *Shepherd* v. *Naylor et al.,* 5 Gray (Mass.) 592.

Counsel for appellant undertakes to bolster up this weakness by saying that these bananas left New Orleans in good condition. He overlooks the testimony of Ayers. There is no testimony, as we have said, as to the kind of bananas ordered, and the actual condition and character of the bananas which were shipped. This court judicially knows that New Orleans is two hundred eighty miles from Greenwood. 15 R. C. L. 1087; 12 L. R. A. 652; 40 U. S. (L. Ed.) 570; 52 U. S. (L. Ed.), 121; 22 L. R. A. 325; 22 L. R. A. (N. S.) 650; 82 A. S. R. 447; 124 A. S. R. 35; 12 Ann. Cas. 921.

Therefore we say that if this car had been properly iced, as appellant alleges that it was, the ice should not have melted on a two hundred eighty mile run.

II. *Presumption of condition of bananas when delivered.* The fact that there is no testimony showing the actual condition of these bananas when loaded and shipped, creates the presumption, we submit, that this car of bananas was delivered in the same condition as it was when received. *M. & O. R. R. Co.* v. *Tupelo Furniture Co.,* 67 Miss. 35; *Cooper* v. *Ga. Pac. Ry. Co.,* 9 So. 159.

III. *No unreasonable delay.* Appellant's own testimony shows that the one day's delay in this case was not unreasonable. A railroad company is only liable where it appears that the delay has been unreasonable. 6 Thompson on Negligence, sec. 7695.

IV. The last objection to a reversal of this case, as we have said, is the failure on the part of appellant to show the market value of these bananas at Greenwood, had they been received in an overripe condition, due to any negligence or fault on the part of appellee. *Y. & M. V. R. R. Co.* v. *Delta Grocery & Cotton Co.,* 134 Miss. 846.

In the absence of proper proof, no judgment can be entered against the director general. *Wall* v. *American Ry. Express Co.,* 227 S. W. (Mo.) 76; *Chicago, etc., R.*

*Co.* v. *McCaull-Dinsmore Co.,* 253 U. S. 97, 64 L. Ed. 801; 5 Elliott on Railroads, sec. 2754.

The contention that the money has been in the possession of the director general is absolutely without any merit so far as appellant is concerned, for no demand has ever been made on the director general by either Zemurray, the Giardina Produce Company, or the receiver, and when this suit was brought the director general very promptly offered to pay back what had been turned over to him, with the understanding at the time when Mr. Forrester took charge of these bananas, that the bananas should be sold without any prejudice to the director general, and with no expense to him.

ETHRIDGE, J., delivered the opinion of the court.

The appellant brought suit against the director general to recover the value of a carload of bananas shipped from S. Zemurray of New Orleans, La., to the Giardina Produce Company, at Greenwood, Miss., during the year 1919. The facts disclosed by the record are about as follows:

The Giardina Produce Company ordered a carload of "turning" bananas to be shipped to it at Greenwood, Miss. The bananas were duly and properly packed for shipment and delivered to the Illinois Central Railroad Company. The refrigerator car was properly iced, the north vents closed and sealed, the south vents being open, in order to retard the ripening of the bananas. When the bananas reached Greenwood, they had been delayed, and the ice had all melted, and the bananas were in an overripe condition, which made it impractical to sell them in the usual course of business, because they could not be properly handled in that way before they would spoil. Consignee refused to receive the bananas, and reported to the director general that it would not receive the bananas in the condition they were in, but would be willing to take them and sell them to the best advan-

tage for the account of the director general. The witnes-
ses for the plaintiff testified that the station agent of
the director general at Greenwood, Miss., was pres-
ent when the bananas were inspected, and this agree-
ment was made, but the agent of the director general
testified that he acted upon the statement of a member
of the partnership styled Giardina Produce Company as
to the condition of the carload of bananas, but that, as
a matter of fact, the bananas were not overripe and
were in good condition, and that the agreement made
to have the Giardina Produce Company sell the bananas
for the account of the director general was induced by
fraudulent representations. The Giardina Produce Com-
pany did sell the bananas by putting three or four
trucks into service and peddling them out at retail, sell-
ing the bananas for a given sum, which was turned over
to the agent of the director general and receipted for by
him, and remitted by said local agent of the railroad
company being operated by the director general. Noth-
ing further was done about the matter until this suit was
brought by the receiver, the appellant, some three years
later.

When suit was brought, a plea was filed in addition
to the general issue setting up that the arrangement
made as above detailed between the agent of the director
general and the Giardina Produce Company was in-
duced by fraud, and that, as a matter of fact, the ba-
nanas were not unreasonably delayed in transit, and
were not in an overripe condition.

Since the above transaction, and before the filing of
this suit, the Giardina Produce Company has been dis-
solved and a receiver appointed. The agent of the di-
rector general at Greenwood, who made the arrangement
with the produce company to sell the carload of bananas
for the account of the director general, left the office
of the director general at Greenwood, being transferred
to another place, and was succeeded by another agent, who

received and receipted for the money after the bananas were sold.

It is admitted that the car was delayed in transit at least one day, and the fact that the car was without ice when it arrived at Greenwood is not disputed by the evidence. The facts as to the condition of the bananas is not disputed by any direct eyewitness, but the director general relies upon expert testimony to the effect that, if the car of bananas was properly loaded and properly iced, the fruit would not deteriorate during the time that intervened, and should be in good condition. There was a tender of the money made by plea at the trial, but there is no showing that any offer to repay was made at any time between the receipt of the money and the bringing of this suit, nor was there any proof of any rescission after notice or after a reasonable time in which to learn the facts. The director general kept the money until after suit was brought.

The testimony for the plaintiff tended to show that the director general agreed to pay S. Zemurray at New Orleans for the car of bananas, and tended to show that the Giardina Produce Company at Greenwood had not in fact paid Zemurray at New Orleans for the bananas. That feature of the case was not properly developed.

There was a peremptory instruction for the director general except as to the amount tendered in court, and judgment was entered in favor of the railroad company, except it directed a recovery of the amount originally paid the director general with interest. From this judgment this appeal was prosecuted.

We think it was error for the court to give the peremptory instruction under the facts stated. The pleadings of the director general show that it did not carry out its contract to pay Zemurray, and that it repudiated that contract and tendered a part of the demand sued for by the plaintiff. It is certain therefore that the director general did not satisfy Zemurray. We

think the question should have been submitted to a jury. on proper instructions to find the facts.

The judgment will therefore be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*